## 'TOMKINSON v. WILLETS MANUF'G CO.

### (*Circuit Court, S. D. New York.*  March 26, 1888.)

PATENTS FOR INVENTIONS—DAMAGES FOR INFRINGEMENT—MEASURE.

In an action for an infringement of a patent on a peculiar square-shaped dish, the measure of damages is not the gains derived by defendant from the use, manufacture, and sale of the infringing dishes, but is only the difference between the profits fairly attributable to plaintiff's design which defendant would have derived from the adoption of plaintiff's peculiar variety of square-shaped dish, and those which he would have derived from the sale of other non-infringing square shaped dishes.

In Equity.    On exceptions to master's report.

Bill by A. S. Tomkinson against the Willets Manufacturing Company, for the infringement of a patent.   Judgment for plaintiff, and the case now comes up on defendant's exception to master's report assessing the amount of damages.

*Frank v. Briesen,* for complainant, cited:

*Dobson* v. *Carpet Co.,* 114 U. S. 440, 5 Sup. Ct. Rep. 945; *Dobson* v. *Dorman,* 118 U. S. 10, 6 Sup. Ct. Rep. 946; *Bates* v. *Railroad Co.,* 32 Fed. Rep. 628; *Hammacher* v. *Wilson,* Id. 796; *Piper* v. *Brown,* 3 O. G. 97; *Wooster* v. *Thornton,* 26 Fed. Rep. 274; *Munson* v. *New York,* 21 Blatchf. 342, 16 Fed. Rep. 560; *Nicholson* v. *Elizabeth,* 6 O. G. 764; *Emerson* v. *Simm,* 3 O. G. 293; *Illinois* v. *Turrill,* 12 O. G. 709; *Knox* v. *Silver,* 14 O. G. 897; *Mevs* v. *Conover,* 11 O. G. 1111; *Vulcanite Co.* v. *Van Antwerp,* 2 Ban. & A. 252; *Allen* v. *Blunt,* 1 Blatchf. 486.

*Philo Chase,* for defendant, cited:

*Dobson* v. *Carpet Co.,* 114 U. S. 439, 5 Sup. Ct. Rep. 945; *Dobson* v. *Dorman,* 118 U. S. 10, 6 Sup. Ct. Rep. 946; *Schillinger* v. *Gunther,* 15 Blatchf. 310; *Garretson* v. *Clark,* Id. 70; *Scott* v. *Evans,* 11 Fed. Rep. 726; *Root* v. *Lamb,* 7 Fed. Rep. 222.

LACOMBE, J.   This is a suit in equity for infringement, founded upon design patent No. 13,295, granted to John Slater, assignor to Gildea & Walker, September 12, 1882, for a design for a vegetable dish.   Upon final hearing before Judge COXE, it appeared that in a precisely similar suit in the district of New Jersey between the same parties for infringement of this patent, the defendant appeared by its president, and consented to a decree; whereupon, before the commencement of the present suit, judgment was entered, sustaining the patent.   Passing upon the effect of such adjudication, Judge COXE says:

"That decree was pleaded and proved in this action.   It is valid and binding upon the rights of the parties, and as to all the questions determined by it is *res judicata.* · Unfortunately, perhaps, for the defendant, the court is not now permitted to consider the defenses, which, by the defendant's own action, are thus eliminated from the case.   The question of infringement is alone open to investigation.   *   *   *   I am constrained to say that the defendant infringes."   *Tomkinson* v. *Manufacturing Co.,* 23 Fed. Rep. 895.

It was referred to a master to take account of the gains and profits, and assess the damages.   The master has duly reported that the com-

plainant is entitled to recover "the gains and advantages derived by the defendant from the use, manufacture, and sale of the infringing dishes, in the sum of $1,853.29." The case now comes up on defendant's exceptions to the master's report.

The report must be set aside. Even if a method of comparison such as was adopted by the master were conceded to be the proper way in which to accomplish the result sought for,—and that question is not now passed upon,—he has not selected a suitable standard of comparison. In order to ascertain the profit derived from the use of complainant's model, comparison should be made, not with goods of an entirely different model, but with goods of the most similar pattern, which defendant was free to use. What makes, or, rather, what is supposed to make, the design patentable? The circumstance that it is an improvement upon the existing state of the art. The patent covers only the particular advance which the patent has made; it gives the patentee no rights in what was common property before. It appears that complainant's patent is for a particular model of square-shaped dish,—for the shape only, not for the decoration. Defendant sold a number of infringing square-shaped dishes, called "Doric." It also sold dishes of a totally different shape,— an oval,—called "Excelsior." It further appeared that defendant was free to use other square-shaped dishes, and did in fact make a non-infringing square-shaped dish, called the "Piedmont." The entire profit on the "Doric" dishes over cost of manufacture could no doubt be found, but to that entire sum the plaintiff is not entitled. *Dobson v. Carpet Co.*, 114 U. S. 440, 5 Sup. Ct. Rep. 945. All he should recover is the amount of such profit, which is fairly attributable to his design. Nor is that amount ascertained even by finding what profit the defendant secured by making and selling the infringing square dishes, instead of oval ones. The amount of that profit must be itself subdivided into the sums due respectively to the adoption of a square-shaped dish generally, and to the appropriation of plaintiff's particular variety of square-shaped dish. To the latter sum he is entitled, but its amount is certainly not ascertained by comparing the sales and cost of the infringing dishes with the sales and cost of the oval dishes. *Non constat* but what defendant would have secured 90 per cent. of its "extra profits," as complainant calls them, by sales of such square dishes as it was free to use. If so, the plaintiff would be entitled only to the remaining 10 per cent. as profits resulting from pirating his peculiar square dish. It may be that complainant may find it difficult, if not impossible, to prove the amount of such profit, but that is a difficulty inherent in the particular kind of patent which he holds. One who by some lucky chance secures a patent for "the mere shadow of a shade of an idea" should not be disappointed if the grant, even though uncontested, subsequently proves of no appreciable pecuniary value.